J-S34045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                              :              PENNSYLVANIA
                                                :

               v.                                     :
                                              :

CLINTON REED KUHLMAN                :
                                              :

             Appellant                :     No. 413 WDA 2023

Appeal from the PCRA Order Entered March 28, 2023
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001026-2014

BEFORE: LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:             **FILED: October 13, 2023**

Clinton Reed Kuhlman (Appellant) appeals *pro se* from the order dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. We affirm.

As this Court previously explained:

In 2015, [Appellant] was convicted following a jury trial of five counts of distribution of child pornography, ten counts of possession of child pornography, and one count of criminal use of a communications facility. He was sentenced to one year less one day to two years less two days' imprisonment followed by 10 years of probation. This Court affirmed the judgment of sentence[,] and he did not seek further review. ***See Commonwealth v. Kuhlman***, 753 WDA 2016, at *9 (Pa. Super. March 17, 2017) (unpublished memorandum).

In February 2020, the Commonwealth petitioned for a hearing regarding whether [Appellant] was in technical violation of his probation.[FN] [Appellant] was represented at the hearing by Attorney Simone Temple (Attorney Temple) from the Beaver County Public Defender's Office. [Appellant] stipulated to violating probation and was resentenced on April 22, 2020, to 30

to 60 months' incarceration. … [Appellant] did not appeal. By court rule, Attorney Temple's representation of [Appellant] ended at this time. Pa.R.Crim.P. 122(B)(2).

> [FN] The petition alleged that [Appellant] had failed to comply with sentencing conditions; failed to enroll in and complete sex offender treatment; owned, possessed or viewed sexually explicit material;[1] had unapproved internet access; did not make payments on fines and court costs; and had violated unspecified special conditions of sex offender treatment and probation.

* * *

[O]n July 16, 2021, [Appellant] filed [his first PCRA] petition. Regarding timeliness, he asserted that he met the exception to the jurisdictional time-bar for a newly-recognized constitutional right: "[Appellant] has a constitutional right to file a[] Direct Appeal *Nunc Pro Tunc*, due to his counsel's failure to file a[] direct Appeal as requested." Petition, 7/22/21, at 3 (citing 42 Pa.C.S. § 9545(b)(1)(iii)). He argued that he was eligible for relief based on a violation of the constitution, ineffective assistance of counsel and because his plea was unlawfully induced. He contended that Attorney Temple induced him to plead guilty to the violations despite his innocence, and that she failed to file his requested direct appeal. He sought reinstatement of his direct appeal rights from the probation violation sentence or the right to withdraw his stipulation to the violations.

---

1 During the search of Appellant's computer underlying the probation revocation proceedings, Appellant's probation officer found child pornography. ***Commonwealth v. Kuhlman***, -- A.3d ---, 2023 Pa. Super. LEXIS 330, 2023 WL 4777175, at *1-2 (Pa. Super. Jul. 27, 2023). The Commonwealth charged Appellant, in a separate criminal proceeding, with 58 counts of possession of child pornography and one count of criminal use of a communication facility. ***Id.*** The trial court convicted Appellant following a bench trial, and on August 22, 2022, sentenced him to 25 – 50 years in prison. ***Id.*** On July 27, 2023, this Court affirmed the judgment of sentence. ***See id.***

***Commonwealth v. Kuhlman***, 279 A.3d 1240 (Pa. Super. 2022) (unpublished memorandum at 1-4) (some footnotes omitted, some citations modified, one footnote in original, one footnote added).

On May 9, 2022, this Court affirmed the dismissal of Appellant's first PCRA petition as untimely filed. ***Id.*** at 1. The Pennsylvania Supreme Court denied leave to appeal on October 31, 2022. ***Kuhlman***, 286 A.3d 1239.

On January 5, 2023, Appellant filed the instant PCRA petition. The PCRA Court issued a Pa.R.Crim.P. 907 notice on March 2, 2023. Appellant did not file a response. On March 28, 2023, the PCRA court dismissed the petition as untimely filed. The instant, timely appeal followed.[2]

Appellant raises the following issues:

[1.] Whether [Appellant] suffered an egregious miscarriage of justice where the Commonwealth violated his 14th Amendment rights to due process, pursuant to ***Brady v. Maryland***[, 373 U.S. 83 (1963),[3]] by suppressing impeachment and exculpatory evidence, which would have proven [Appellant] innocent of the probation violations and would have impeached the Commonwealth's key witness, Probation Officer Chris Sturgeon [(P.O. Sturgeon)?]

[2.] Whether [Appellant] is entitled to withdraw his stipulation agreement, pursuant to after-discovered evidence?

---

[2] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

[3] In ***Brady***, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." ***Brady***, 373 U.S. at 87.

***Commonwealth v. Smith***, 194 A.3d 126, 132

[3.] Whether [the] Honorable Kim Tesla violated [Appellant's] 14th Amendment right to due process, by failing to recuse himself from presiding over the PCRA petition, pursuant to judicial bias [because] Judge Tesla had a[] personal interest in the outcome of this particular case[?]

[4.] Whether the PCRA Court erred by not appointing counsel and granting an evidentiary hearing where … genuine issue[s] of material facts were left unresolved: namely, the suppression of evidence, [P.O.] Sturgeon's credibility and the fabricated probation violations[?]

Appellant's Brief at 2 (footnote added; capitalization and punctuation modified).

We review the dismissal of Appellant's PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

We first address whether Appellant timely filed his PCRA petition, as the timeliness of a PCRA petition is jurisdictional. *See Commonwealth v. Reid*, 235 A.3d 1124, 1140 n.8 (Pa. 2020) (recognizing the timeliness of a PCRA petition is a "threshold question implicating our subject matter jurisdiction" (citation omitted)); *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the

substantive claims." ***Commonwealth v. Lewis***, 63 A.3d 1274, 1281 (Pa. Super. 2013) (citation omitted).

A PCRA petition must be filed within one year of the petitioner's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Appellant concedes his PCRA petition is facially untimely. Appellant's Brief at 6-9. Appellant's judgment of sentence became final on May 22, 2020, and he did not file this petition until January 5, 2023. A petitioner may overcome the PCRA's time-bar if he pleads and proves one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). The exceptions are for: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012); ***see also*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). If a petitioner fails to invoke a valid exception, the court lacks jurisdiction to review the petition or provide relief. ***Spotz***, 171 A.3d at 676.

Relevant to this appeal, to establish the governmental interference exception, a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials; and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008). In other words, a petitioner is required to show that but for the interference of a government actor, "he could not have filed his claim earlier." ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).

With respect the newly discovered facts exception, we have explained:

> The [newly discovered] facts exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate **he did not know the facts upon which he based his petition** and could not have learned those facts earlier by the exercise of due diligence.... Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> [A]s an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief, petitioner must plead and prove by a preponderance of evidence that the conviction or sentence resulted from, *inter alia*, unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed outcome of trial if it had been introduced) ....
>
> ...
>
> Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (emphasis added; some citations omitted).

A *Brady* claim may fall within the governmental interference and newly discovered fact exceptions to the PCRA time bar. *Commonwealth v. Natividad*, 200 A.3d 11, 28 (Pa. 2019). However, the merits of the underlying *Brady* claim are irrelevant when determining whether a petitioner has established a timeliness exception. *Abu-Jamal*, 941 A.2d at 1268. With this in mind, we review Appellant's claimed timeliness exceptions.

Appellant argues he met the timeliness exceptions for governmental interference and newly discovered facts based upon the Commonwealth's withholding, and his recent discovery of (a) an exculpatory email between Lindemuth and P.O. Sturgeon (Lindemuth Email); and (b) information that Beaver County Probation Department did not have the capacity to monitor Appellant's internet access on his computer. Appellant's Brief at 6, 8.

Appellant argues the Commonwealth withheld the Lindemuth Email. *Id.* at 6. In that email, Lindemuth confirmed Appellant was attending his court-ordered sexual offender treatment. *Id.* at 6-7. Appellant maintains that, had the Commonwealth disclosed this email to him, it would have shown he was innocent of violating his probation. *Id.* at 7.

Even assuming, *arguendo*, that the Lindemuth Email and information about the lack of computer monitoring constituted ***Brady*** material,[4] Appellant failed to plead and prove why he could not have discovered these facts earlier, with the exercise of due diligence. Appellant claims he was not aware of the Lindemuth Email until it was introduced in the subsequent criminal proceedings. ***See*** Appellant's Brief at 6-7. Nevertheless, Appellant knew that Lindemuth could confirm or deny Appellant's attendance at sexual offender counseling, **prior to the filing of his first PCRA petition.**

In his first PCRA proceeding, Appellant included a copy of his May 10, 2021, letter addressed to "whom it may concern" in which he stated Lindemuth would support Appellant's claim that he was attending sexual offender treatment. ***See*** Response to Rule 907 Notice, 10/22/21, at Exhibit 7; Appellant's Brief on Appeal, 3/17/22, at Exhibit 5. Appellant filed the

---

[4] As the Commonwealth discusses in its brief, Appellant's probation was revoked based on the discovery of 58 images of child pornography on his computer. Commonwealth's Brief at 12. Appellant was convicted of possession of child pornography in a separate proceeding, and the conviction was upheld on appeal. **The Lindemuth Email and the information about computer monitoring have no bearing on the fact that Appellant violated his probation by possessing child pornography and being convicted of a new crime.** While the Lindemuth Email acknowledged Appellant had attended some his counseling sessions, it emphasized he failed to accept of responsibility for his actions. Appellant's Brief at Exhibit B (Lindemuth Email). Further, as a condition of probation, Appellant was not permitted to access the internet unless he was approved for internet monitoring. Rule 907 Notice, 3/2/23, at 2. Appellant admits he accessed the internet. Appellant's Brief at 8-9. The fact that the Beaver County Probation Office had no capacity to monitor Appellant does not absolve him of violating the conditions of his probation.

instant PCRA petition on January 5, 2023, well over one year after he authored the May 10, 2021, letter. *See* 42 Pa.C.S.A. § 9545(b)(2).

In addition, the "fact" that the Beaver County Department of Probation had not installed internet monitoring on Appellant's computer was known to Appellant at the time he entered his April 22, 2020, parole-violation stipulation. As the Commonwealth states, Appellant's "ostensible compliance with his probation conditions, and whether or not monitoring software was installed on his computer, are both within his personal knowledge at the time he entered [his probation violation stipulation]." Commonwealth's Brief at 12. Appellant failed to present this claim within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

Thus, Appellant failed to plead and prove that his failure to raise the underlying *Brady* claims earlier was the result of interference by government officials or that he is in possession of newly discovered facts. *See Abu-Jamal*, 941 A.2d at 1268. Appellant further failed to demonstrate that he filed the instant PCRA petition within one year of the date the claims could have been raised. *See* 42 Pa.C.S.A. § 9545(b)(2).

The PCRA court's conclusion that Appellant's second PCRA petition is untimely is supported by the record and free of legal error. *See Busanet*, 54 A.3d at 45. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/13/2023